T.C. Memo. 2003-199

UNITED STATES TAX COURT

JOHN AND DONNA RINGGOLD, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11961-01L.                    Filed July 9, 2003.

John and Donna Ringgold, pro sese.

Sylvia L. Shaughnessy, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, Judge:  The issue for decision is whether respondent abused his discretion in determining to proceed with collection of petitioners' 1997 tax liability.

FINDINGS OF FACT

On April 1, 1999, John and Donna Ringgold (petitioners) executed and sent respondent Form 4549-CG, Income Tax Examination Changes, in which petitioners agreed to the immediate assessment and collection of additional tax liabilities for 1995 and 1997. The form set forth deficiencies, additions to tax, penalties, and interest through April 21, 1999, totaling $20,100.33. In an accompanying letter, petitioners offered to settle their entire tax liability for $12,803.00 (i.e., the amount of the balance due excluding additions to tax, penalties, and interest) and requested 60 days from April 15, 1999, to secure the necessary funds.

Several weeks later, Mr. Ringgold asked respondent's auditor whether the terms of his letter had been accepted. The auditor responded affirmatively, but was under the mistaken impression that petitioners' letter was merely a request for a short-term extension of time to pay the liability. On April 6, 1999, the auditor prepared and sent to petitioners Form 433-D, Installment Agreement, for $20,100.33 (i.e., the entire amount of the liability per the audit report), put a hold on the collection activity for 120 days, and closed the file as "agreed". On June 7, 1999, respondent made an additional assessment, and on September 6, 2000, sent petitioners a Notice of Federal Tax Lien

Filing and Your Right to a Hearing Under IRC 6320[1] relating to petitioners' 1997 tax liability.

On September 21, 2000, petitioners timely filed Form 12153, Request for a Collection Due Process Hearing, in which they contended that their 1997 tax liability was satisfied pursuant to an offer in compromise.

The Appeals officer reviewed the files and transcripts of account and determined that respondent had not received from petitioners Form 656, Offer in Compromise, or Form 433-A, Collection Information Statement for Individuals.  On June 12, 2001, the Appeals officer held a hearing with petitioners, during which she explained to petitioners that settlement of tax liabilities for less than the amount owed requires the completion of Form 656.  She informed petitioners that a binding settlement agreement had not been executed between petitioners and the auditor, but that petitioners could discuss an offer in compromise or installment agreement relating to petitioners' 1997 tax liability.  Petitioners, however, declined to discuss these collection alternatives.

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.

By notice dated September 7, 2001, respondent determined to proceed with collection.  In response, petitioners, while residing in San Diego, California, filed a petition and amended petition on September 20, and October 18, 2001, respectively.

OPINION

Petitioners' sole contention is that they do not owe the liability for which the lien was recorded because they were "given an offer in compromise in fact" by the auditor. Respondent contends that petitioners and the auditor did not execute a binding agreement.  We agree with respondent.

The law regarding compromises is well established.  The regulations and procedures under section 7122 provide the exclusive method of effectuating a compromise.  Shumaker v. Commissioner, 648 F.2d 1198, 1199-1200 (9th Cir. 1981) (citing Botany Worsted Mills v. United States, 278 U.S. 282, 288-289 (1929)), revg. on another issue T.C. Memo. 1979-71.  Petitioners and the auditor did not enter into a binding agreement to compromise petitioners' 1997 tax liability.  First, petitioners did not submit Form 433-A for respondent to determine whether there was doubt as to collectibility.  See sec. 301.7122-1(a), Proced. & Admin. Regs.  Second, petitioners did not submit an offer in compromise on the appropriate form (i.e., Form 656), and were never notified in writing that an offer in compromise had been accepted.  Laurins v. Commissioner, 889 F.2d 910, 912 (9th

Cir. 1989), affg. <u>Norman v. Commissioner</u>, T.C. Memo. 1987-265; sec. 301.7122-1(d)(1), (3), Proced. & Admin. Regs.  Finally, there was no mutual assent because the auditor misunderstood the nature of petitioners' request.  See <u>Dorchester Indus. Inc. v. Commissioner</u>, 108 T.C. 320, 330 (1997) (stating "A prerequisite to the formation of a contract is an objective manifestation of mutual assent to its essential terms") (citing <u>Manko v. Commissioner</u>, T.C. Memo. 1995-10), affd. without published opinion 208 F.3d 205 (3d Cir. 2000).  Accordingly, respondent's determination is sustained.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.