T.C. Memo. 2009-259

UNITED STATES TAX COURT

RONALD DAVID STINCHCOMB, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 29690-07L.            Filed November 10, 2009.

Ronald David Stinchcomb, pro se.

<u>Jennifer Martwick</u>, for respondent.

MEMORANDUM OPINION

WELLS, <u>Judge</u>:  Petitioner seeks review, pursuant to section

6330(d),[1] of respondent's determination regarding a lien filed

with respect to petitioner's Federal income taxes for 2001 and

2002 and a trust fund recovery penalty for the period ended

---

[1]Unless otherwise indicated, section references are to the applicable versions of the Internal Revenue Code.

September 30, 2002.  We must decide whether respondent's settlement officer abused her discretion in determining to reject petitioner's offer-in-compromise and upholding the filing of the lien regarding petitioner's liabilities.

The parties stipulated certain facts and exhibits.  We incorporate herein the parties' stipulations of fact, which are found accordingly.  When the petition was filed, petitioner resided in Georgia.

On March 19, 2004, petitioner filed a Federal income tax return for his 2001 taxable year.  The return reported a tax liability of $7,738 and a withholding credit of $3,638. Petitioner did not pay the tax balance due of $4,100.  On July 26, 2004, respondent assessed the tax, plus a delinquency addition to tax pursuant to section 6651(a)(1) of $922.50, a failure to pay addition to tax pursuant to section 6651(a)(2) of $574, and interest of $614.53.  As of November 12, 2008, petitioner's outstanding tax liability for taxable year 2001, including accrued interest, was $7,781.94.

On March 19, 2004, petitioner filed a Federal income tax return for his 2002 taxable year.  The return reported a tax liability of $9,164 and a withholding credit of $2,167. Petitioner did not pay the tax balance due of $6,997.  On June 7, 2004, respondent assessed the tax, plus an estimated tax addition to tax pursuant to section 6654 of $218, a delinquency addition

to tax pursuant to section 6651(a)(1) of $1,574.32, a failure to pay addition to tax pursuant to section 6651(a)(2) of $419.86, and interest of $394.71. That same day, respondent abated the estimated addition to tax of $218, along with the delinquency addition to tax of $224.77. As of November 12, 2008, petitioner's outstanding tax liability for taxable year 2002, including accrued interest, was $7,240.43.

On June 21, 2004, respondent assessed against petitioner a trust fund recovery penalty (TFRP) of $2,741.77 for the period ended September 30, 2002. The TFRP was assessed against petitioner as a responsible party for the employment tax liabilities of Driver Recruiting Services, Inc. As of November 12, 2008, petitioner's outstanding tax liability for the TFRP had been paid in full.

On or about September 9, 2004, petitioner entered into an installment agreement (installment agreement) with the Internal Revenue Service (IRS) requiring petitioner to pay $125 per month. The installment agreement applied to the tax years and the tax period originally in issue in the instant case. Petitioner made monthly payments pursuant to the installment agreement of $125 through June 2006.

On or about August 28, 2006, the installment agreement was defaulted.[2]  On June 1, 2007, respondent sent petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (NFTL) with respect to petitioner's income tax liabilities for the taxable periods in issue.  On June 27, 2007, petitioner and the IRS entered into a new installment agreement (new installment agreement) for $286 per month.[3]

On July 9, 2007, petitioner submitted to the IRS a Form 12153, Request for a Collection Due Process Hearing, with respect to the NFTL.  In his hearing request, petitioner checked the boxes for installment agreement and offer-in-compromise. Additionally, petitioner checked the boxes requesting lien subordination, discharge, and withdrawal and stated that he disagreed with the lien filing because "My home is still under construction and this lien will be a hardship--IRS did not follow procedures."

By letter dated October 15, 2007, the settlement officer assigned to petitioner's case (settlement officer) informed petitioner that she had scheduled a telephone conference for

---

[2]Respondent's records show "status 61 defaulting IA", which, according to respondent, indicates that petitioner was in default on the installment agreement after petitioner missed the payment deadlines for two payments.

[3]Petitioner made monthly payments pursuant to the new installment agreement of $286 through May 2008, at which time petitioner stopped making the payments because he could no longer afford to make them.

November 13, 2007.  The settlement officer also noted that petitioner checked the lien subordination, discharge and withdrawal boxes on his request for hearing and informed petitioner that he needed to follow the instructions in Publication 784, How to Prepare an Application for a Certificate of Subordination of Federal Tax Lien, and return the necessary information to her within 14 days.[4]  She also stated that petitioner had not provided any specific information or documents to show that withdrawal of the NFTL would facilitate the collection of the tax liabilities or be in the Government's best interest.  Finally, the settlement officer advised petitioner that since he already was on the new installment agreement for $286 per month, there were no collection alternatives for her to consider.  She also noted that since it already had been determined that petitioner had the ability to fully pay his liabilities through an installment agreement, an offer-in-compromise could not be considered.

On November 13, 2007, the settlement officer called petitioner for the scheduled conference.  The settlement officer informed petitioner that the Internal Revenue Service (IRS) had followed all applicable law and administrative procedures in his case.  Petitioner stated that he could not finish building his

---

[4]Petitioner did not return these forms to the settlement officer.

home because he could not get any loans on account of the lien. Petitioner also told the settlement officer that his corporation had already paid the TFRP for the periods ended June 30 and September 30, 2002, but the payments had not been applied. The settlement officer told petitioner that she would look into the payment issue for him. Subsequently, the settlement officer informed petitioner that she had not found that any payments were incorrectly applied. She also informed petitioner that she would sustain the NFTL.

On November 28, 2007, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 which sustained the NFTL. On December 26, 2007, petitioner filed the petition.

Where the underlying tax liability is not in issue, we review the determination of the Appeals Office for abuse of discretion. See Sego v. Commissioner, 114 T.C. 604, 610 (2000). In reviewing for abuse of discretion, we reject the determination of the Appeals Office only if the determination was arbitrary, capricious, or without sound basis in fact or law. See Cox v. Commissioner, 126 T.C. 237, 255 (2006), revd. 514 F.3d 1119 (10th Cir. 2008); Murphy v. Commissioner, 125 T.C. 301, 308, 320 (2005), affd. 469 F.3d 27 (1st Cir. 2006). Petitioner stipulated that he does not dispute the underlying liabilities.

Consequently, we review the determination of the Appeals Office for abuse of discretion.

Where, as in the instant case, we decide the propriety of the settlement officer's rejection of an offer-in-compromise, we review the reasoning underlying that rejection to decide whether it was arbitrary, capricious, or without sound basis in fact or law. We do not substitute our judgment for that of the settlement officer, and we do not decide independently the amount that we believe would be an acceptable offer-in-compromise. See Murphy v. Commissioner, supra at 320.

We generally do not consider arguments, issues, or other matters raised for the first time at trial, but we limit our consideration to matters brought to the attention of the Appeals Office. See Giamelli v. Commissioner, 129 T.C. 107 (2007); Murphy v. Commissioner, supra at 308; Magana v. Commissioner, 118 T.C. 488, 493 (2002). "[E]vidence that * * * [a taxpayer] might have presented at the section 6330 hearing (but chose not to) is not admissible in a trial conducted pursuant to section 6330(d)(1) because it is not relevant to the question of whether the Appeals officer abused her discretion." Murphy v. Commissioner, supra at 315.

At the time of petitioner's Appeals hearing, petitioner and the IRS already had entered into the new installment agreement, and he was making payments of $286 a month. At the Appeals

hearing the settlement officer informed petitioner that, since he already had an installment agreement, there was no collection alternative for the settlement officer to consider. The only argument petitioner advanced was that the lien should not be sustained because it was preventing him from finishing construction on his new home. It was not an abuse of discretion for the settlement officer to refuse to withdraw the lien because it interfered with the construction of his home.[5]

At trial petitioner did not identify any payments that should have been, but were not, properly credited to his tax liabilities.[6] It does not appear that petitioner disagrees with the remaining liabilities. Petitioner's main contention appears to be that the $125 monthly installment agreement should be

---

[5]Although petitioner had the new installment agreement in place at the time of his Appeals hearing, that installment agreement did not preclude the filing of an NFTL, nor was respondent required to withdraw the NFTL after the new installment agreement had become effective. Sec. 6323(j)(1) is permissive. Although the IRS may withdraw an NFTL pursuant to sec. 6323(j)(1), failure to do so is not an abuse of discretion. See Crisan v. Commissioner, T.C. Memo. 2007-67; Ramirez v. Commissioner, T.C. Memo. 2005-179; Stein v. Commissioner, T.C. Memo. 2004-124; Dorra v. Commissioner, T.C. Memo. 2004-16. Accordingly, the settlement officer did not abuse her discretion by not withdrawing the NFTL.

[6]Petitioner's tax liability for 1999 has been paid in full, and that year has been dismissed as moot. Additionally, as to the TFRP, the corporation paid the tax for the period ended June 30, 2002, and that period has been dismissed as moot.

reinstated.[7] However, as the issue of reinstating petitioner's installment agreement was not raised with the settlement officer at petitioner's hearing, we will not consider it. The settlement officer considered all of petitioner's contentions, verified compliance by the IRS with all applicable laws and regulations, and considered whether the proposed collection actions balanced the need for efficient tax collection with petitioner's concern that they not be more intrusive than necessary.

Petitioner did not offer any evidence that the filing of the NFTL would impair his ability to pay his outstanding liabilities. On the basis of the facts presented, we hold that the settlement officer did not abuse her discretion in sustaining the filing of the NFTL. In reaching these holdings, we have considered all of the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[7]The only issues raised in the petition are: "My home is under construction and lien is preventing me from completing my home. Taxes from 1999 and 2002 have been paid." At the time petitioner filed the petition, he was making monthly payments of $286 pursuant to the new installment agreement.