T.C. Memo. 2012-225

UNITED STATES TAX COURT

GEORGE PETER KLIKA, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16334-10L.                    Filed August 6, 2012.

George Klika, pro se.

Jonathan Ono, for respondent.

MEMORANDUM OPINION

KROUPA, Judge:  This collection review matter is before the Court in
response to a Notice of Determination Concerning Collection Action(s) Under
Section 6320 and/or 6330[1] (determination notice).  The sole issue for decision is

---

[1]All section references are to the Internal Revenue Code, and all Rule
references are to the Tax Court Rules of Practice and Procedure, unless otherwise
indicated.

[*2] whether respondent's determination to proceed with the proposed collection action was an abuse of discretion. We hold it was not.

Background

This case was submitted fully stipulated under Rule 122. The stipulation of facts and the accompanying exhibits are incorporated by this reference. Petitioner resided in Hawaii when he filed the petition.

Petitioner is an attorney over 65 years old and does not travel long distances well, restricting his travel from the Big Island of Hawaii to Honolulu on Oahu.

Petitioner filed an individual income tax return for 2003 but failed to pay the tax shown on the return. Respondent thereafter assessed petitioner's reported tax liability for 2003 along with related penalties and interest. Respondent sent petitioner a Form 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, regarding the outstanding tax liability for 2003. Petitioner timely requested a collection due process hearing (hearing), seeking an installment agreement or an offer-in-compromise, and lien withdrawal as collection alternatives. Petitioner claimed in the letter that he suffered from a financial hardship due to a physical disability affecting his ability to work and earthquake damage to his home.

[*3]   Respondent assigned Settlement Officer Karen O'Neal (Ms. O'Neal) to conduct petitioner's hearing.  Ms. O'Neal sent petitioner a letter scheduling a telephone hearing.  The letter informed petitioner that he needed to notify respondent's Appeals Office if he preferred a face-to-face hearing.  The letter also informed petitioner that, if he wanted collection alternatives considered, he needed to file an income tax return for 2009 and provide a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, or Form 433-B, Collection Information Statement for Businesses, along with supporting documentation.

Petitioner requested a face-to-face hearing.  Ms. O'Neal notified petitioner that to qualify for a face-to-face hearing he had to file the 2009 income tax return and provide a completed Form 433-A with supporting documents.  Petitioner sent Ms. O'Neal his 2009 tax return and a letter questioning whether Form 433-A must be submitted as a condition to receiving a face-to-face hearing.  Ms. O'Neal responded to petitioner by letter.  She reiterated the requirements to qualify for a face-to-face hearing.  Petitioner in response sent Ms. O'Neal a letter declining to provide the financial information.  Petitioner requested in that same letter that Ms. O'Neal place a moratorium on collection for one year to allow him to find employment.

**[*4]**   Without any further documentation, Ms. O'Neal sent petitioner the determination notice sustaining the proposed collection action.

Petitioner timely filed a petition.

### Discussion

We are asked to decide whether Ms. O'Neal abused her discretion in determining the proposed levy action was appropriate to collect petitioner's unpaid tax liability for 2003.  We begin with the general rules that apply to collection actions.

The Commissioner may collect a tax by levy upon the property of the taxpayer liable if the taxpayer neglects or refuses to pay the tax liability within 10 days after notice and demand for payment.  Sec. 6331(a).  The Commissioner generally must provide the taxpayer written notice of the right to a hearing before the levy is made.  Sec. 6330(a).  The taxpayer is entitled, upon request, to a hearing before the Appeals Office.  Sec. 6330(b)(1).  The taxpayer may raise at that hearing any relevant issues relating to the unpaid tax or the proposed collection action.  Sec. 6330(c)(2).  Relevant issues include any appropriate spousal defenses, challenges to the appropriateness of collection and possible alternative means of collection such as an installment agreement or an offer-in-compromise.  Sec. 6330(c)(2)(A).  Taxpayers are expected to provide all

[*5] relevant information requested by the Appeals officer for consideration of the facts and issues involved in the hearing. Sec. 301.6330-1(e)(1), Proced. & Admin. Regs.

After the hearing, the Appeals officer is required to make a determination that addresses relevant issues the taxpayer raised, verify that all requirements of applicable law and administrative procedure have been met and balance the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary. Sec. 6330(c)(3).

We now turn to the standard of review. Where, as is the case here, the validity of the underlying tax liability is not properly placed at issue, the Court will review the Commissioner's determination for abuse of discretion.[2] Goza v. Commissioner, 114 T.C. 176, 182 (2000). We must consider whether the Commissioner's actions were arbitrary, capricious or without sound basis in fact in reviewing an administrative determination for abuse of discretion. See Woodral v. Commissioner, 112 T.C. 19, 23 (1999). The taxpayer bears the burden of proving

---

[2]The 2003 tax liability was self-reported, and petitioner did not contest the existence or amount of his underlying tax liability at the hearing. We therefore need not address on a de novo basis whether petitioner is liable for the liability. See Giamelli v. Commissioner, 129 T.C. 107 (2007).

**[\*6]** abuse of discretion.  Rule 142(a); <u>Titsworth v. Commissioner</u>, T.C. Memo. 2012-12.

Petitioner did not file a pretrial memorandum or a posttrial brief. Consequently, we look to the petition and the stipulation of facts to discern petitioner's challenges to the determination notice.  We now turn to petitioner's challenges.

I.  <u>Consideration of Relevant Issues</u>

Petitioner contends in the petition that Ms. O'Neal abused her discretion by not considering issues he raised during the hearing.  Those issues include (1) whether Ms. O'Neal considered petitioner's purported financial hardship, (2) whether respondent wrongfully levied on petitioner's Social Security benefits, (3) whether respondent wrongfully denied petitioner's appeal of a terminated installment agreement and (4) whether respondent provided petitioner inaccurate advice concerning appealing a rejected offer-in-compromise.  We find that Ms. O'Neal did not abuse her discretion.

First, petitioner contends that Ms. O'Neal did not consider his financial hardship.  The determination notice indicates that Ms. O'Neal did consider petitioner's purported financial hardship.  Petitioner made only bare allegations

[*7] that he had a financial hardship. Moreover, petitioner declined to provide any financial information for an independent determination.

Second, petitioner contends that Ms. O'Neal did not consider whether respondent wrongfully levied on his Social Security benefits or whether respondent wrongfully denied his appeal of a terminated installment agreement.[3] A taxpayer must request that an issue be considered and present evidence to Appeals on an issue for it to be properly raised during a hearing. Sec. 301.6320-1(f)(2), Q&A-F3, Proced. & Admin. Regs. Moreover, only issues properly raised at a collection due process hearing can be a part of an Appeals officer's determination. Giamelli v. Commissioner, 129 T.C. 107, 113 (2007).

Here, petitioner failed to request during the hearing that Ms. O'Neal consider whether respondent wrongfully levied on his Social Security benefits. He first requested consideration of this issue in the petition. Moreover, the record does not reflect that petitioner offered Ms. O'Neal credible evidence demonstrating that respondent wrongfully levied on his Social Security benefits,

---

[3]The record reflects that a Final Notice Before Levy on Social Security Benefits was sent to petitioner during the hearing. The record, however, does not reflect that respondent actually levied on petitioner's Social Security benefits while collection was suspended. If there was a levy, it is more likely to have been regarding another taxable year as collection is suspended while this case is outstanding. Additionally, there is nothing in the record to show that respondent wrongfully terminated an installment agreement with petitioner.

[*8] even assuming he had requested consideration.  Thus, petitioner failed to properly raise this issue.

Petitioner did contend during the hearing that respondent had wrongfully denied his appeal of a terminated installment agreement.  Petitioner did not properly raise the issue at the hearing, however, because he failed to introduce credible evidence with respect to the issue.

Finally, petitioner contends that Ms. O'Neal did not consider whether respondent provided inaccurate advice to him concerning appealing a rejected offer-in-compromise.[4]  It is unfortunate when a taxpayer receives inaccurate information.  We have recognized, however, that incorrect legal advice from an IRS employee does not have the force of law and cannot bind the Commissioner or this Court.  See Schwalbach v. Commissioner, 111 T.C. 215, 228 n.4 (1998); Richmond v. Commissioner, T.C. Memo. 2009-207; Atkin v. Commissioner, T.C. Memo. 2008-93.  Accordingly, any past representations by respondent to petitioner are not relevant to the proposed collection action and need not have been considered by Ms. O'Neal.

---

[4]We note that, besides petitioner's self-serving claim, there is nothing in the record indicating that respondent provided petitioner any advice on appealing the rejection of an offer-in-compromise.

**[*9]** II. <u>Collection Alternatives</u>

Petitioner argues that Ms. O'Neal abused her discretion in determining that petitioner failed to present any collection alternatives. Petitioner argues that he did present a collection alternative by asking for a 1-year moratorium on collection. We disagree. We have consistently held that it is not an abuse of discretion to sustain a collection action where the taxpayer has failed to provide requested financial information that would have permitted consideration of collection alternatives. <u>See</u> <u>Long v. Commissioner</u>, T.C. Memo. 2010-7; <u>Huntress v. Commissioner</u>, T.C. Memo. 2009-161; <u>Nelson v. Commissioner</u>, T.C. Memo. 2009-108; <u>Prater v. Commissioner</u>, T.C. Memo. 2007-241.

Here, Ms. O'Neal informed petitioner that he had to submit Form 433-A along with supporting documentation for collection alternatives to be considered. Ms. O'Neal thereafter gave petitioner several chances to provide the requested financial information before issuing the determination notice. Petitioner declined to submit the requested financial information. We therefore find that Ms. O'Neal did not abuse her discretition by determining that petitioner failed to qualify for collection alternatives.

**[\*10]** III.  <u>Lien Withdrawal Request</u>

Petitioner contends that Ms. O'Neal abused her discretion by not granting him lien withdrawal relief.[5]  The Commissioner may withdraw a notice of Federal    tax lien (NFTL) if (1) he determines the filing of the NFTL was premature or not in accordance with administrative procedures; (2) the taxpayer has entered into an installment agreement, unless the agreement provides otherwise; (3) withdrawal will facilitate collection; or (4) with the taxpayer's consent the lien's withdrawal would be in the best interests of the taxpayer and the United States.  Sec. 6323(j).

Petitioner has not presented any credible evidence that the NFTL was filed prematurely or contrary to administrative procedure.  Nor had petitioner entered into an installment agreement when the determination notice was issued.  Accordingly, we focus on whether lien withdrawal would have facilitated collection or would have been in the best interests of petitioner and the United States.

---

[5]The record reflects that a Federal tax lien arose in 2007 with respect to petitioner's unpaid tax liability for 2003.  The record is unclear, however, whether respondent ever filed a notice of Federal tax lien with respect to petitioner's unpaid tax liability for 2003 (or any other year).  Nevertheless, we consider whether petitioner is entitled to lien withdrawal relief for 2003 with respect to any notice of Federal tax lien that may have been filed for that year.

[*11] Petitioner did not submit any evidence to demonstrate that lien withdrawal would either facilitate collection or be in the best interests of petitioner and the United States. Petitioner simply asserts that the NFTL respondent filed negatively affects his credit rating and ability to obtain employment. Petitioner's bare assertion is insufficient to establish that lien withdrawal would facilitate collection and would be in the United States' best interests. Moreover, we generally have no authority to grant relief based on a taxpayer's claim that a lien adversely affected his or her credit rating or employment prospects. See Gerakios v. Commissioner, T.C. Memo. 2004-203.

IV. Face-to-Face Hearing Request

Petitioner appears to argue in the petition that Ms. O'Neal abused her discretion by denying him a face-to-face hearing. This Court and other courts have held that a face-to-face hearing is not required under section 6330. Katz v. Commissioner, 115 T.C. 329 (2000); Williamson v. Commissioner, T.C. Memo. 2009-188; Stockton v. Commissioner, T.C. Memo. 2009-186; Leineweber v. Commissioner, T.C. Memo. 2004-17. We have also held that an Appeals officer's denial of a face-to-face hearing does not constitute an abuse of discretion when a taxpayer refuses to provide requested financial information. See Rice v. Commissioner, T.C. Memo. 2009-169; Moline v. Commissioner, T.C. Memo.

[*12] 2009-110, aff'd, 363 Fed. Appx. 675 (10th Cir. 2010); Summers v. Commissioner, T.C. Memo. 2006-219.

Here, Ms. O'Neal twice notified petitioner that he must submit Form 433-A with supporting documentation to qualify for a face-to-face hearing. Petitioner failed to submit the requested information after being provided a reasonable opportunity to do so.

V. Conclusion

Petitioner did not raise any other meritorious challenges to Ms. O'Neal's determination to sustain the collection action. Nor did petitioner otherwise introduce any credible evidence or persuasive arguments that would convince us that the determination to sustain the levy was arbitrary, capricious or without foundation in fact or law.

In conclusion, the record reflects that Ms. O'Neal verified that all requirements of applicable law and administrative procedure had been met, considered relevant issues (e.g., collection alternatives) petitioner raised and balanced the need for the efficient collection of taxes with petitioner's legitimate concern that any collection action be no more intrusive than necessary. We therefore conclude that Ms. O'Neal did not abuse her discretion by sustaining the proposed levy action to collect petitioner's outstanding tax liabilities for 2003.

**[\*13]**  We have considered all arguments made in reaching our decision and, to the extent not mentioned, we conclude that they are moot, irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.