T.C. Memo. 2014-152

UNITED STATES TAX COURT

MICAH J. BERGDALE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15174-11L.                    Filed July 30, 2014.

Mark D. Allison, John A. Calabro, and Timothy J. Sullivan, for petitioner.

Jane J. Kim, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WELLS, Judge:  Petitioner seeks review, pursuant to section 6320, of respondent's determination to proceed with collection of petitioner's unpaid employment tax liabilities for periods ending September 30 and December 31, 2004, and March 31, 2005, and unpaid FUTA tax liabilities for petitioner's 2004

[*2] tax year.[1]  We have been asked to decide whether the Appeals Office abused its discretion in sustaining respondent's collection actions.

FINDINGS OF FACT

Some of the facts and certain exhibits have been stipulated.  The parties' stipulated facts and the attached exhibits are incorporated in this opinion by reference and are found accordingly.  At the time of filing the petition, petitioner resided in New York.

Petitioner was the founder and sole member of Digital Criterion, LLC (DC LLC), which was organized in Illinois on November 26, 2003.  DC LLC self-assessed but did not pay trust fund portions of its FICA taxes for the periods ending September 30 and December 31, 2004, and March 31, 2005, and FUTA tax for its 2004 tax year (employment tax liabilities).  During 2005 and 2006 respondent filed against DC LLC notices of lien for the employment tax liabilities in Cook County and in the State of Illinois.  Respondent sent to DC LLC a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC

---

[1]Unless otherwise indicated, section and Internal Revenue Code references are to the Internal Revenue Code of 1986, as amended and as in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]** 6320, for each of the lien notices filed against DC LLC.  On April 30, 2006, petitioner dissolved DC LLC.

On December 1, 2010, respondent filed against petitioner a notice of Federal tax lien (NFTL) with the Registers Office of Bronx County, Bronx, New York, for the employment tax liabilities.  The NFTL stated that petitioner's unpaid employment tax liabilities totaled $31,028.02.  Respondent sent petitioner a Letter 3172 to inform him of the filing of the NFTL and of his right to a collection due process (CDP) hearing.  On December 20, 2010, respondent received from petitioner a Form 12153, Request for a Collection Due Process or Equivalent Hearing, requesting respondent to withdraw the lien.  Petitioner's request for a CDP hearing was assigned to Settlement Officer Howard Smith in the Appeals Office.

On March 24, 2011, Mr. Smith sent petitioner a letter to schedule a CDP hearing for April 6, 2011, and to inform him that he would need to submit a Form 443-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, or a Form 433-B, Collection Information Statement for Businesses, if he wanted Mr. Smith to consider collection alternatives.  On March 28, 2011, petitioner faxed a letter to Mr. Smith contending that (1) the lien was invalid, (2) the tax was invalid, (3) respondent should not have rejected a previously submitted

[*4] offer-in-compromise, and (4) the tax was becoming uncollectible. On April 6, 2011, Mr. Smith and petitioner participated in a conference call during which Mr. Smith explained the NFTL against petitioner for the employment tax liabilities attributed to DC LLC. After the CDP conference call petitioner submitted a Form 433-A and a Form 433-B to Mr. Smith. Although petitioner had previously submitted offers-in-compromise to the Internal Revenue Service in 2005 and 2010, he did not submit a Form 656, Offer in Compromise, to Mr. Smith during the CDP hearing.

On May 19, 2011, petitioner and Mr. Smith participated in a face-to-face CDP hearing to discuss his offer-in-compromise and to review his financial documents. During the hearing Mr. Smith indicated to petitioner that an offer-in-compromise of $25,000 would be acceptable. Petitioner informed Mr. Smith that he would attempt to find sources from which to fund an offer-in-compromise of $25,000.

On May 21, 2011, petitioner faxed a letter to Mr. Smith informing him that petitioner would not be able to fund an offer-in-compromise of $25,000 and instead proposing a new offer-in-compromise of $10,000. The letter was not signed under penalty of perjury and did not include a Form 656, a waiver to allow

[*5] Mr. Smith to contact third parties, or an installment payment of the compromise amount.

On June 13, 2011, Mr. Smith issued to DC LLC a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination). In the notice of determination, Mr. Smith (1) rejected petitioner's offer-in-compromise of $10,000 because, inter alia, it was not properly submitted and (2) sustained the NFTL.

OPINION

I. Jurisdiction

Although neither party has questioned whether we have jurisdiction over the instant case, this Court may raise the issue at any time sua sponte. Urbano v. Commissioner, 122 T.C. 384, 389 (2004). "The failure to question our jurisdiction is not a waiver of the right to do so, for if we lack jurisdiction over an issue, we do not have the power to decide it." Id. In general, our jurisdiction to review a collection action is dependent on the issuance of a valid notice of determination and a timely petition for review. Secs. 6320(c), 6330(d)(1); Offiler v. Commissioner, 114 T.C. 492, 498 (2000).

The reason that we address our jurisdiction is that the notice of determination was issued to DC LLC and not to petitioner individually even

**[\*6]** though (1) respondent filed the NFTL against petitioner and sent the Letter 3172 to petitioner and (2) petitioner requested the CDP hearing by filing Form 12153. Petitioner then filed a petition to this court. Under similar circumstances in <u>Med. Practice Solutions LLC v. Commissioner</u>, 132 T.C. 125, 127 (2009), <u>aff'd without published opinion sub nom.</u> <u>Britton v. Shulman</u>, 2010 WL 3565790 (1st Cir. 2010), the taxpayer argued that this Court lacked jurisdiction to sustain the Commissioner's actions to collect unpaid employment tax liabilities because the notice of determination was issued to her single-member limited liability company and not to her as an individual. We concluded that, for purposes of employment tax liabilities for wages paid before January 1, 2009, the applicable regulations provided that "the * * * [limited liability company] and its sole member are a single taxpayer or person to whom notice is given." <u>Id.</u> As in <u>Med. Practice Solutions LLC</u>, we conclude that for purposes of the instant proceeding, DC LLC and petitioner are a single taxpayer or person to whom notice is given. See <u>id.</u> Additionally, we conclude that the mislabeled notice of determination was a harmless error because (1) petitioner was notified of the filing of the NFTL and the specific employment tax liabilities covered by the NFTL, (2) petitioner requested and was granted two CDP hearings, and (3) petitioner timely petitioned this Court for review of the notice of determination. See <u>Med. Practice Solutions</u>

**[*7]** LLC v. Commissioner, T.C. Memo. 2010-98, 2010 WL 1780874, at *7-*8 n.15. Accordingly, we conclude that we have jurisdiction pursuant to section 6330(d)(1) to determine whether the Appeals Office abused its discretion in sustaining the NFTL. See Med. Practice Solutions LLC v. Commissioner, 132 T.C. at 127.

II.  Review of Respondent's Notice of Determination

Pursuant to section 6321, the Federal Government obtains a lien against "all property and rights to property, whether real or personal" of any person liable for Federal taxes upon demand for payment and failure to pay. See Iannone v. Commissioner, 122 T.C. 287, 293 (2004). However, section 6320(a)(1) requires the Commissioner to give a taxpayer written notice of the filing of a notice of Federal tax lien upon that taxpayer's property. The notice of filing must inform the taxpayer of the right to request a hearing in the Appeals Office. Sec. 6320(a)(3)(B), (b)(1).

Section 6330(c), (d),(e), and (g) generally governs the conduct of a hearing requested under section 6320. Sec. 6320(c). At the hearing, the taxpayer may raise any relevant issues, including appropriate spousal defenses, challenges to the appropriateness of collection actions, and collection alternatives. Sec. 6330(c)(2)(A). The taxpayer may challenge the underlying tax liability at the

**[\*8]** hearing only if the taxpayer did not receive a statutory notice of deficiency or otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B). In addition to considering issues raised by the taxpayer under section 6330(c)(2), the Appeals Office must verify that the requirements of any applicable law or administrative procedure have been met. Sec. 6330(c)(1), (3).

Where the validity of the underlying tax liability is properly in issue, the Court will review the matter de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). However, where the validity of the underlying tax liability is not properly in issue, the Court will review the Commissioner's determination for abuse of discretion. Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 181-182. At trial petitioner conceded any challenge to the validity of the underlying tax liabilities.[2] Accordingly, we review the Appeals Office's determination for abuse of discretion.

---

[2]Moreover, in a lien or levy action under sec. 6320 or 6330 before this Court, the petition must contain "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed in the notice of determination." Rule 331(b)(4). Any issue not raised in the assignments of error shall be deemed to be conceded. Id. In his petition, petitioner did not challenge the validity of the underlying tax liabilities and, therefore, we preclude him from doing so now.

**[\*9]**   In reviewing the Appeals Office's determination for abuse of discretion, we will reject the determination of the Appeals Office only if the determination was arbitrary, capricious, or without sound basis in fact or law.[3]  See Rule 142(a); Murphy v. Commissioner, 125 T.C. 301, 308 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).  We do not substitute our judgment for that of the Appeals Office, and we do not decide independently whether we believe that the lien notice should be withdrawn.  See Murphy v. Commissioner, 125 T.C. at 320.  Instead, we consider whether, in the course of making its determination, the Appeals Office (1) verified that the requirements of applicable law and administrative procedure have been met, (2) considered any relevant issue raised by the taxpayer that relates to the unpaid tax or the proposed lien action, and (3) determined whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary.  Sec. 6330(c)(1)-(3).

A.   Rejection of Petitioner's Offer-in-Compromise

Petitioner contends that the Appeals Office abused its discretion when it denied his proposed offer-in-compromise.  Respondent contends that the Appeals

---

[3]Petitioner has not raised sec. 7491, and, therefore, we will not consider the issue.  Consequently, petitioner bears the burden of proof.  See Rule 142(a).

[*10] Office did not abuse its discretion because petitioner failed to submit a valid offer-in-compromise on a Form 656 as required by section 601.203(b), Statement of Procedural Rules.  We agree with respondent.

The settlement of disputed tax liabilities is governed by sections 7121 and 7122, which authorize the Commissioner to settle any tax disputes and compromise any civil or criminal case arising under the internal revenue laws. Holland v. Commissioner, T.C. Memo. 2013-205, at *10.  The regulations and procedures pursuant to section 7122 provide the exclusive method of effecting a binding nonjudicial compromise.  Laurins v. Commissioner, 889 F.2d 910, 912 (9th Cir. 1989), aff'g Norman v. Commissioner, T.C. Memo. 1987-265; Shumaker v. Commissioner, 648 F.2d 1198, 1199-1200 (9th Cir. 1981) (citing Botany Worsted Mills v. United States, 278 U.S. 282, 288-289 (1929)), aff'g in part, rev'g in part and remanding per curiam on other grounds T.C. Memo. 1979-71.  Section 301.7122-1(d), Proced. & Admin. Regs., provides:

> An offer to compromise a tax liability pursuant to section 7122 must be submitted according to the procedures, and in the form and manner, prescribed by the Secretary.  An offer to compromise a tax liability must be made in writing, must be signed by the taxpayer under penalty of perjury, and must contain all of the information prescribed or requested by the Secretary. * * *

**[*11]** See Nash v. Commissioner, T.C. Memo. 2008-250, 2008 WL 4791555, at *2; Harbaugh v. Commissioner, T.C. Memo. 2003-316, 2003 WL 22674216, at *3.

An OIC must be submitted on a special form prescribed by the Secretary. Riederich v. Commissioner, 985 F.2d 574, 1993 WL 28230, at *1 (9th Cir. 1993), aff'g without published opinion T.C. Memo. 1991-164; Laurins v. Commissioner, 889 F.2d at 912. Section 601.203(b), Statement of Procedural Rules, specifies Form 656 as the form required for an offer-in-compromise:

> Offers in compromise are required to be submitted on Form 656, properly executed, and accompanied by a financial statement on Form 433 (if based on inability to pay). Form 656 is used in all cases regardless of whether the amount of the offer is tendered in full at the time the offer is filed or the amount of the offer is to be paid by deferred payment or payments. * * *

See also Godwin v. Commissioner, T.C. Memo. 2003-289, 2003 WL 22333018, at *11 ("Taxpayers who wish to propose an offer-in-compromise must submit a Form 656, Offer in Compromise[.]"), aff'd, 132 Fed. Appx. 785 (11th Cir. 2005); Ringgold v. Commissioner, T.C. Memo. 2003-199, 2003 WL 21540434, at *1-*2.

Petitioner admits that he did not submit his offer-in-compromise on a properly completed Form 656. We previously have held that there is no abuse of discretion when the settlement officer fails to consider a taxpayer's request for an

[*12] offer-in-compromise when a Form 656 was not filed.  See Kendricks v. Commissioner, 124 T.C. 69, 79 (2005); Holland v. Commissioner, at *11; Gentile v. Commissioner, T.C. Memo. 2013-175, at *9; Waring v. Commissioner, T.C. Memo. 2011-270, 2011 WL 5555694, at *2; Ludzack v. Commissioner, T.C. Memo. 2011-111, 2011 WL 2132966, at *2.  Accordingly, we conclude that the Appeals Office did not abuse its discretion in denying petitioner's informal offer-in-compromise.

As we noted above, petitioner does not contend that a Form 656 was filed; instead he contends that respondent should not be permitted to allege that petitioner failed to file a Form 656.  Specifically, petitioner contends that respondent's position that petitioner failed to file a Form 656 was a new legal theory that respondent improperly raised for the first time at trial and that allowing respondent to proceed with the theory would be unduly prejudicial to him.  We disagree.  It is well established that a party may rely upon a theory if the opposing party has been provided with fair warning of the intention to base an argument upon that theory.  See Pagel Inc. v. Commissioner, 91 T.C. 200, 211-212 (1988), aff'd, 905 F.2d 1190 (8th Cir. 1990).  "Fair warning" means that the Commissioner's failure to give notice, in the notice of determination or in the pleadings, of his intention to rely on a particular theory did not prejudice the

**[\*13]** taxpayer's ability to prepare a case. See id. The Commissioner may discharge his duty of informing the taxpayer by expressly notifying the taxpayer of the intended theories in the notice of determination or in the Commissioner's answer. See Fox Chevrolet, Inc. v. Commissioner, 76 T.C. 708, 735 (1981) (citing Commissioner v. Transport Mfg. & Equip. Co., 478 F.2d 731, 736 (8th Cir. 1973), aff'g Riss v. Commissioner, 56 T.C. 388 (1971) and 57 T.C. 469 (1971)). In the notice of determination, respondent informed petitioner that petitioner had not submitted an offer-in-compromise. Respondent reiterated this contention in his pretrial memorandum, stating that "[p]etitioner failed to submit a formal [offer-in-compromise] ". See Wilson v. Commissioner, T.C. Memo. 2002-61 (finding no prejudice or disadvantage to taxpayers where the Commissioner discusses new legal theories in his pretrial memorandum), aff'd, 71 Fed. Appx. 623 (9th Cir. 2003); Schaefer v. Commissioner, T.C. Memo. 1992-205 (same). Additionally, the issue before us is whether the Appeals Office abused its discretion; respondent's theory is not a separate legal issue, but "merely supports or amplifies" his argument that the Appeals Office did not abuse its discretion. See Moore v. Commissioner, T.C. Memo. 2013-249, at \*15. Accordingly, respondent is not barred from asserting the position that petitioner failed to file a Form 656.

**[\*14]**   Petitioner also contends that a Form 656 is not required if an informal settlement has been reached, relying on our previous analysis in Johnson v. Commissioner, 136 T.C. 475 (2011), aff'd, 502 Fed. Appx. 1 (D.C. Cir. 2013). Petitioner alleges that he requested an informal offer-in-compromise when he submitted a written letter, along with a Form 433-A and a Form 433-B and other supporting financial documentation, and that Mr. Smith had orally agreed to an offer-in-compromise of $6,000.  Petitioner's reliance on Johnson is misplaced.  In Johnson, the taxpayer submitted during a single CDP hearing three formal offers-in-compromise on Forms 656, before submitting an adjustment to the final Form 656 on a letter from his attorney.  Id. at 478-480.  This Court concluded that the informal letter adjusting the taxpayer's offer-in-compromise could be characterized as an amendment to a previously filed Form 656 and that there was "no provision in the pertinent regulations or Revenue Procedure that precludes an amendment to an * * * [offer-in-compromise] or requires that such an amendment take any particular form."  Id. at 488-489.  However, petitioner never submitted a Form 656 during the then-ongoing CDP hearing[4] and, therefore, petitioner's

---

[4]Although petitioner previously submitted OICs during 2005 and 2010, neither OIC was submitted during or in connection to the CDP hearing in the instant case, which commenced during 2011.  Therefore, the 2005 and 2010 OICs do not qualify as previous OICs during the CDP hearing in question.

**[\*15]** informal letter could not have qualified as an amendment to a previously filed Form 656.[5]  Moreover, petitioner's discussions with Mr. Smith and alleged oral agreement to an offer-in-compromise have no bearing on our analysis. Administrative negotiations regarding compromise of a tax liability are not binding against either party and not enforceable without compliance with section 7122.  Rohn v. Commissioner, T.C. Memo. 1994-244, 1994 WL 232360, at \*5. Accordingly, we do not conclude that petitioner made a valid offer-in-compromise or that he reached an informal settlement with Mr. Smith.  See Harbaugh v.

---

[5]Petitioner also relies on Sullivan v. Commissioner, T.C. Memo. 2009-4, 2009 WL 20979, in support of his contention.  However, Sullivan is a Memorandum Opinion of this Court, and Memorandum Opinions are not binding precedent.  Huffman v. Commissioner, 126 T.C. 322, 350 (2006) (citing Dunaway v. Commissioner, 124 T.C. 80, 87 (2005)), aff'd, 518 F.3d 357 (6th Cir. 2008); see also Nico v. Commissioner, 67 T.C. 647, 654 (1977), aff'd in part, rev'd in part on other grounds, 565 F.2d 1234 (2d Cir. 1977).  Moreover, the facts of Sullivan are substantially similar to those of Johnson v. Commissioner, 136 T.C. 475 (2011), aff'd, 502 Fed. Appx. 1 (D.C. Cir. 2013).  In Sullivan, the taxpayers submitted three formal offers-in-compromise on Forms 656 before submitting an adjustment to the final Form 656 at the request of the Commissioner's examining officer. Sullivan v. Commissioner, 2009 WL 20979, at \*10.  We concluded that the adjustment was "not a formal OIC for purposes of section 7122", but we nevertheless analyzed the adjustment as a collection alternative pursuant to sec. 6330(c)(2)(A)(iii).  Id.  Petitioner never submitted an official Form 656 during the then-ongoing CDP hearing, and the informal offer-in-compromise letter did not include a signature under penalty of perjury, a third-party waiver, or an installment payment.  Accordingly, we conclude that petitioner's informal letter was not a collection alternative that would give rise to a disposition similar to that in Sullivan.

**[\*16]** <u>Commissioner</u>, 2003 WL 22674216, at \*3-\*4; <u>Ringgold v. Commissioner</u>, 2003 WL 21540434, at \*1-\*2 ("[P]etitioners did not submit an offer-in-compromise on the appropriate form (i.e., Form 656)[.]").

Petitioner's final contention is that he lacked knowledge of the requirement to file a Form 656 because Mr. Smith never informed him of that requirement. Petitioner alleges that Mr. Smith instead advised him not to file a Form 656 because, if the offer amount was less than his reasonable collection potential, respondent would reject the offer-in-compromise and submission would be moot. Respondent contends that petitioner was informed of the requirement to file a Form 656. Mr. Smith credibly testified that he regularly informed taxpayers of the requirement to file a Form 656 as part of his explanation of the offer-in-compromise procedures and that he explained those procedures to petitioner during the CDP conference call on April 6, 2011. Mr. Smith also explained that he encouraged taxpayers to file offers-in-compromise but that each taxpayer had to make his or her own decision. Petitioner's contention that he lacked knowledge of the requirement to file a Form 656 is further undermined by the fact that he submitted valid offers-in-compromise during 2005 and 2010 and presumably knew the submission process during those years. As we stated above, petitioner bears the burden of proof. <u>See</u> Rule 142(a). Petitioner has not carried his burden of

**[*17]** proving that Mr. Smith did not inform him of the requirement to file a Form 656, much less that Mr. Smith told him not to file the Form 656.

Upon the basis of the foregoing, we conclude that the Appeals Office did not abuse its discretion in denying petitioner's informal offer-in-compromise.

B.    Refusal To Withdraw NFTL

In the notice of determination, respondent also sustained the NFTL, which petitioner contends should be withdrawn. However, pursuant to section 6323(j), an NFTL may be withdrawn without full payment and without prejudice under the following conditions: (1) the filing of the NFTL was premature or otherwise not in accordance with administrative procedures of the Internal Revenue Service; (2) the taxpayer had entered into an installment agreement under section 6159 to satisfy the tax liability for which the NFTL was imposed by means of installment payments, unless such agreement provides otherwise; (3) withdrawal of the NFTL will facilitate collection of the tax liability; (4) with the consent of the taxpayer or the National Taxpayer Advocate, the withdrawal of such notice would be in the best interest of the taxpayer (determined by the National Taxpayer Advocate or the taxpayer) and the United States. See sec. 301.6323(j)-1, Proced. & Admin. Regs. If the Commissioner determines conditions for withdrawal are present, the

**[*18]** Commissioner may, but is not required to, authorize the withdrawal.  Sec. 301.6323(j)-1(c), Proced. & Admin. Regs.

In his petition, petitioner contends that the NFTL has damaged his personal credit report, resulted in the closure of his bank accounts and credit card accounts, resulted in a loss of his business' relationships with clients, and caused foreclosure proceedings on his coop apartment.  Petitioner also contends that the NFTL hindered his ability to generate financing to satisfy his employment tax liabilities.  However, during the CDP hearing and throughout the instant case, petitioner neither averred credible evidence beyond his bare allegations nor advanced any detailed argument pursuant to section 6323(j) in support of his contention.  See Klika v. Commissioner, T.C. Memo. 2012-225, at *10-*11.  Accordingly, we conclude that respondent did not abuse his discretion when he upheld the NFTL.

III.  Conclusion

Petitioner has not advanced any argument or introduced any evidence that would cause us to conclude that the determinations to sustain the NFTL and reject his offer-in-compromise were arbitrary, capricious, or without sound basis in fact.  Petitioner did not submit a valid Form 656 or other collection alternative and did not offer credible evidence in support of lien withdrawal pursuant to section 6323(j).  The Appeals Office determined that the requirements of applicable law

**[\*19]** and administrative procedure were met and concluded that the proposed collection action appropriately balanced the need for efficient collection of taxes with petitioner's concerns regarding the intrusiveness of the action. Consequently, we hold that the Appeals Office did not abuse its discretion when it issued a notice of determination rejecting petitioner's offer-in-compromise and upholding the proposed collection action.

In reaching these holdings, we have considered all the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u> <u>respondent</u>.