T.C. Memo. 2020-49

UNITED STATES TAX COURT

PAULETTE ETOTY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6871-19L.                          Filed April 20, 2020.

Paulette Etoty, pro se.

<u>Valerie Vlasenko</u> and <u>Thomas A. Deamus</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  In this collection due process (CDP) case, petitioner

seeks review of a determination by the Internal Revenue Service (IRS or respond-

ent) that a levy on petitioner's State income tax refund should not be sustained.

Respondent has moved for summary judgment under Rule 121, contending that

**[\*2]** there are no disputed issues of material fact and that his determination was proper as a matter of law.[1] We agree and accordingly will grant the motion.

Background

The following facts are based on the parties' pleadings and motion papers, including the attached declarations and exhibits. See Rule 121(b). Petitioner resided in New York when she petitioned this Court.

Petitioner filed a timely Federal income tax return for 2008. Because of insufficient withholding, her return showed a balance due, which she failed to pay. She was incarcerated from 2009-2015; upon her release her poor health prevented her from resuming her previous work as a docketing clerk.

In September 2016 petitioner called an IRS Automated Collection System (ACS) officer and indicated that she could not pay her 2008 balance, which then totaled $1,337. The ACS officer conducted a hardship review and determined that petitioner qualified for currently not collectible (CNC) status. The IRS placed her account in CNC status as of September 2, 2016.

On April 30, 2018, despite petitioner's CNC status, the IRS sent her a Notice CP92, Seizure of Your State Tax Refund and Notice of Your Right to a Hear-

---

[1]All statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

**[\*3]** ing. This notice informed her that the IRS had seized a $216 refund of New York income tax and applied it against her 2008 Federal tax liability. The notice advised petitioner that she had the right to appeal by requesting a CDP hearing.

Petitioner timely requested a CDP hearing. She indicated that she sought a collection alternative, checking the boxes for "Offer in Compromise" and "I Cannot Pay Balance."[2] She did not challenge her underlying tax liability for 2008.

Petitioner's CDP hearing request was sent to the IRS Automated Collection Service Support (ACSS) office in Kansas City, Missouri. In a letter dated June 7, 2018, the ACSS office agreed with petitioner's submission that she was unable to pay her 2008 balance due. This letter instructed her to submit a Form 12256, Withdrawal of Request for Collection Due Process or Equivalent Hearing, in order to defer the levy. She replied that she wanted a hearing and was not withdrawing her CDP request. In July 2018 the IRS notified petitioner that her request for a CDP hearing was being forwarded to the Office of Appeals.

The case was assigned to an Appeals Account Resolution Specialist (specalist) in Memphis, Tennessee. The specialist reviewed petitioner's administrative file and confirmed that her 2008 tax liability had been properly assessed and that

---

[2]Petitioner also checked the box for "lien withdrawal," but the IRS has not filed a notice of Federal tax lien for 2008.

[*4] all other requirements of applicable law and administrative procedure had been met. The specialist sent petitioner a letter scheduling a telephone CDP hearing, advising her that she needed to submit Form 656, Offer in Compromise, to enable the IRS to consider that form of collection relief. The letter requested that petitioner complete and submit a Form 656 within 14 days, but she submitted nothing before the hearing.

The hearing was held as scheduled on September 19, 2018. The specialist explained the CDP process and discussed possible collection alternatives. Petitioner indicated that she did not want her future refunds taken. The specialist advised her that the IRS would not levy on future State tax refunds so long as her account remained in CNC status, but explained that the IRS could still apply Federal income tax overpayments against her 2008 liability. The specialist indicated that, if petitioner submitted an OIC that was accepted, she would receive future Federal tax refunds so long as she complied with the terms of the OIC. Petitioner said she would consider that option, but she never submitted a Form 656.

On February 8, 2019, petitioner called the specialist to ask that the IRS not withhold the Federal tax refund she hoped to receive for 2018. At that time she had not yet filed a return for 2018. The specialist promptly returned petitioner's call and explained that the Appeals Office could not stop a potential refund from

**[\*5]** being applied to her 2008 account because she had not yet filed a 2018 return. The specialist suggested that petitioner contact the Taxpayer Advocate Service and complete Form 911, Request for Taxpayer Advocate Service Assistance, as soon as she filed her 2018 return.

On March 29, 2019, having received no Form 656 or other communication from petitioner about an OIC, the specialist decided to close the case. On April 16, 2019, the IRS issued a notice of determination in which it did not sustain the levy on petitioner's State tax refund because her account had been placed in CNC status. The notice determined that "the Notice of Intent to Levy no longer balances the efficient collection of taxes with your legitimate concern that the collection action be no more intrusive than necessary."

Although the levy was not sustained, petitioner sought review in this Court. In her timely filed petition she asked that the IRS be prevented from taking any future tax refunds because she has "very limited income." On November 13, 2019, respondent moved for summary judgment. Petitioner filed a response stating that she would have proposed an OIC if she had understood what was required of her. She asks that interest on her 2008 tax liability be waived and expressed willingness to execute an installment agreement requiring payments of $15 a month for 120 months.

**[\*6]**                              <u>Discussion</u>

A.    <u>Summary Judgment Standard</u>

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988). The Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), <u>aff'd</u>, 17 F.3d 965 (7th Cir. 1994). Where the moving party properly makes and supports a motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of such party's pleading" but must set forth specific facts showing a genuine dispute for trial. Rule 121(d). Petitioner has alleged no dispute of material fact, and we find that summary adjudication is appropriate.

B.    <u>Standard of Review</u>

Section 6330(d)(1) does not prescribe the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case. The general parameters for such review are marked out by our precedents. Where (as here) the taxpayer's underlying liability is not properly at issue,[3] we review the

---

[3]Petitioner did not dispute her tax liability for 2008 at the CDP hearing and is thus precluded from challenging it here. See <u>Thompson v. Commissioner</u>, 140

(continued...)

**[\*7]** IRS' determination for abuse of discretion. <u>Goza v. Commissioner</u>, 114 T.C. 176, 182 (2000). Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. <u>See</u> <u>Murphy v. Commissioner</u>, 125 T.C. 301, 320 (2005), <u>aff'd</u>, 469 F.3d 27 (1st Cir. 2006).

C.     <u>Abuse of Discretion</u>

In deciding whether the specialist abused her discretion we consider whether she: (1) properly verified that the requirements of any applicable law or administrative procedure have been met, (2) considered any relevant issues petitioner raised, and (3) determined whether "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of * * * [petitioner] that any collection action be no more intrusive than necessary." <u>See</u> sec. 6330(c)(3). Our review of the record establishes that the specialist properly discharged all of her responsibilities under section 6330(c).

When a taxpayer's account is placed in CNC status, "the debt is not forgiven or extinguished," but collection action is deferred for the time being. <u>Shenk v. Commissioner</u>, T.C. Memo. 2015-193, 110 T.C.M. (CCH) 332, 333. Petition-

---

³(...continued)
T.C. 173, 178 (2013) ("A taxpayer is precluded from disputing the underlying liability if it was not properly raised in the CDP hearing."); sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

[*8] er's account was placed in CNC status almost two years before the levy on her State tax refund. Because the IRS had already determined that petitioner should not be subjected to collection action, the specialist reasonably concluded that the levy should not be sustained.

While petitioner's CNC status will defer collection action with respect to any future State tax refunds, the IRS may continue to apply Federal tax overpayments against her assessed liability for 2008. See sec. 6402(a) (allowing the IRS to apply an overpayment against any Federal tax liability). It is well established that crediting an overpayment against an outstanding liability is not a levy. See Greene-Thapedi v. Commissioner, 126 T.C. 1, 7-8 (2006) ("An offset under section 6402 does not constitute a levy action and accordingly is not a collection action that is subject to review in * * * [a] section 6330 proceeding."); Bullock v. Commissioner, T.C. Memo. 2003-5, 85 T.C.M. (CCH) 737, 738-739 ("An offset under section 6402 is distinguishable from, and does not constitute, a levy action."). We lack authority to direct the IRS to take any action with respect to future Federal tax refunds that petitioner may claim. See Greene-Thapedi, 126 T.C. at 13.

The specialist invited petitioner to propose an OIC by submitting a Form 656 before the CDP hearing. Petitioner did not do so. During the hearing the spe-

[*9] cialist reiterated her invitation, explaining that an OIC, once accepted by the IRS, would enable petitioner to receive Federal tax refunds. Petitioner said she would consider this option, and the specialist waited more than six months for petitioner to submit something. The specialist did not abuse her discretion in closing the case at that point. See Reed v. Commissioner, 141 T.C. 248, 254 (2013) ("A taxpayer must propose an OIC for it to be considered during the collection hearing."), supplemented by T.C. Memo. 2014-41; Bergdale v. Commissioner, T.C. Memo. 2014-152, 108 T.C.M. (CCH) 95, 97.

In her response to the motion for summary judgment petitioner suggests the possibility of interest abatement or an installment agreement. However, because she did not request interest abatement or propose an installment agreement during the CDP hearing, these matters are not subject to our review at this time. See Stinchcomb v. Commissioner, T.C. Memo. 2009-259, 98 T.C.M. (CCH) 456, 458; Macdonald v. Commissioner, T.C. Memo. 2009-63, 97 T.C.M. (CCH) 1320, 1322; sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

While we are sympathetic to petitioner's situation, she received a favorable outcome from the CDP hearing in that the levy was not sustained. That was the only relief the Appeals Office could offer without further documentation from her. Her failure to submit a Form 656 during the CDP hearing, however, does not pre-

[*10] vent her from entering into an OIC or other collection alternative with the IRS.  See Savoy v. Commissioner, T.C. Memo. 2014-162, 108 T.C.M. (CCH) 168, 174, aff'd, 589 F. App'x 187 (4th Cir. 2015).  She is free to submit to the IRS at any time, for its review and possible acceptance, a collection alternative in the form of an OIC or an installment agreement, supported by information about her current financial circumstances.

To reflect the foregoing,

An appropriate order and decision will be entered for respondent.