T.C. Memo. 2011-294

UNITED STATES TAX COURT

JOHN C. HUGHES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7377-10L.                    Filed December 22, 2011.

John C. Hughes, pro se.

<u>Shannon E. Loechel</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WELLS, <u>Judge</u>:  Respondent's Appeals Office sent petitioner a
Notice of Determination Concerning Collection Action(s) Under
Section 6320 and/or 6330 (notice of determination) with respect
to a notice of Federal tax lien (NFTL) filed to collect
petitioner's unpaid tax liabilities for his 1995, 1996, 1997,

1999, 2000, 2001, 2005, and 2006 tax years.[1]  The issue we must decide is whether respondent's Appeals Office abused its discretion by sustaining the NFTL.

## FINDINGS OF FACT

Some of the facts and certain exhibits have been stipulated. The parties' stipulations of fact are incorporated in this opinion by reference and are found accordingly.  At the time he filed his petition, petitioner was a resident of Georgia.

Petitioner is retired, and he receives income from Social Security and a pension.  Before any deductions, he receives monthly benefits of $1,471.40 from the Social Security Administration and a monthly pension of $2,458.  His total monthly income is $3,929.40.

Petitioner has Federal income tax liabilities for his 1995, 1996, 1997, 1999, 2000, 2001, 2005, and 2006 tax years. Petitioner's Social Security payments have been subject to respondent's levy since 2006.  On or about October 13, 2009, respondent mailed petitioner Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320. Petitioner timely requested a collection due process hearing. Petitioner subsequently completed a Form 433-F, Collection Information Statement, on which he reported his monthly income

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended.

and expenses.  Petitioner requested a face-to-face collection due process hearing, but his request was denied because respondent's records indicated that he was not in compliance with his estimated tax payments for the current year.  Respondent's Appeals Office held a collection due process telephone conference with petitioner on February 19, 2010.  During that conference, petitioner did not offer a collection alternative.  Instead, petitioner contended that the NFTL was filed prematurely because he had no equity in his house.  At that time, petitioner was residing in a house that he had purchased with an interest-only, adjustable-rate mortgage.  He has since vacated that property and has stopped paying the mortgage on it.

During the telephone conference, petitioner also indicated that he was 70 years old and in failing health.  He contended that his monthly expenses sometimes exceeded his income and that his income was below the median income in Georgia.  He provided no financial records to support his contention that his monthly expenses sometimes exceeded his monthly income.

After the hearing, the Appeals Office issued a notice of determination dated February 25, 2010, sustaining the lien. Petitioner timely filed his petition with this Court.

## OPINION

Where the underlying tax liability is not in issue, we review the determination of the Appeals Office for abuse of

discretion.  See <u>Sego v. Commissioner</u>, 114 T.C. 604, 610 (2000).
In reviewing for abuse of discretion, we will reject the
determination of the Appeals Office only if the determination was
arbitrary, capricious, or without sound basis in fact or law.
See <u>Murphy v. Commissioner</u>, 125 T.C. 301, 308 (2005), affd. 469
F.3d 27 (1st Cir. 2006).  Petitioner does not dispute the
underlying liabilities.  Consequently, we review the
determination of the Appeals Office for abuse of discretion.

Where, as in the instant case, we review the Appeals
Office's determination to sustain the filing of an NFTL for abuse
of discretion, we review the reasoning underlying that
determination to decide whether it was arbitrary, capricious, or
without sound basis in fact or law.  We do not substitute our
judgment for that of the settlement officer, and we do not decide
independently whether we believe the lien should be withdrawn.
See <u>id.</u> at 320.

Pursuant to section 6321, the Federal Government obtains a
lien against "all property and rights to property, whether real
or personal" of any person liable for Federal taxes upon demand
for payment and failure to pay.  See <u>Iannone v. Commissioner</u>, 122
T.C. 287, 293 (2004).  The lien arises automatically on the date
of assessment and persists until the tax liability is satisfied
or becomes unenforceable by reason of lapse of time.  Sec. 6322;
<u>Iannone v. Commissioner</u>, <u>supra</u> at 293.  The purpose of filing,

pursuant to section 6323, notice of the lien that arises under section 6321 is to protect the Government's interest in a taxpayer's property against the claims of other creditors. Filing an NFTL validates the Government's lien against a subsequent purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor. See sec. 6323(a); Stein v. Commissioner, T.C. Memo. 2004-124; Lindsay v. Commissioner, T.C. Memo. 2001-285, affd. 56 Fed. Appx. 800 (9th Cir. 2003).

If the Commissioner chooses to file an NFTL, he must provide the taxpayer with written notice not more than 5 business days after the filing, and he must advise the taxpayer of the right to a hearing before the Appeals Office. Sec. 6320(a). If the taxpayer requests such a hearing, the Appeals Office must verify that the requirements of any applicable law or administrative procedure have been met. Secs. 6320(c), 6330(c)(1). The Appeals officer must also determine whether the proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. Secs. 6320(c), 6330(c)(3). Finally, the Appeals officer must consider any issues raised by the taxpayer at the hearing, including appropriate spousal defenses, challenges to the appropriateness of collection actions, and offers of collection alternatives such as an installment agreement. Secs. 6320(c), 6330(c)(2) and (3).

During his telephone conference with the Appeals Office and during his trial before this Court, petitioner contended that respondent's NFTL was filed prematurely because he had no equity in his house since he had purchased it with an interest-only, adjustable-rate mortgage. He also contended that the NFTL damaged his credit. Finally, he contended that his tax liabilities should be considered "uncollectible" because his monthly expenses sometimes exceeded his income, which he contends was less than the median income in Georgia. Respondent contends that the filing of the NFTL should be sustained because it is necessary to protect respondent's interests in petitioner's property.

Petitioner's contention that the lien is premature because he has no interests in real property, even if true, is not a reason the NFTL should be withdrawn. The lien that arises under section 6321 attaches not just to real property currently held by the taxpayer, but "upon all property and rights to property, whether real or personal, tangible or intangible, belonging to such person." Sec. 301.6321-1, Proced. & Admin. Regs. Accordingly, even if petitioner currently has no real property, the NFTL still protects respondent's interests in petitioner's personal property and in any other property petitioner may acquire in the future.

Petitioner contends that the NFTL should be withdrawn because it hurts his credit. Every NFTL filed by the Commissioner damages the taxpayer's credit. By itself, that fact does not show that the NFTL impairs the taxpayer's ability to satisfy the tax liability. Even when the taxpayer has shown that the withdrawal of the NFTL will facilitate collection of the tax liability, withdrawal of the NFTL is permissive, not mandatory. Sec. 6323(j); Berkery v. Commissioner, T.C. Memo. 2011-57. Petitioner has provided no evidence that withdrawing the lien will facilitate the payment of his tax liability. Instead, the record shows that petitioner has a long history of noncompliance, and the record amply supports respondent's contention that the NFTL is necessary to protect respondent's interests in petitioner's property. Consequently, we reject petitioner's argument that the NFTL should be withdrawn because it hurts his credit.

Finally, we reject petitioner's argument that respondent should withdraw the NFTL because his income was below the median income in Georgia and he sometimes had trouble paying all of his expenses. Even if it is true that petitioner's income was below the median income in Georgia, accepting petitioner's contention would preclude the Commissioner from filing an NFTL against half of the taxpayers in Georgia; i.e., all those who make less than the median income. Moreover, even when the Commissioner

considers the taxpayer's liability to be currently uncollectible, the Commissioner may still file an NFTL to preserve his interests in the taxpayer's property against the interests of the taxpayer's other creditors.  See <u>Schropp v. Commissioner</u>, T.C. Memo. 2010-71, affd. 405 Fed. Appx. 800 (4th Cir. 2010). Petitioner has offered no evidence that respondent's filing of the NFTL was unduly intrusive.

Respondent's Appeals Office considered all of petitioner's contentions, verified compliance by the Internal Revenue Service with all applicable laws and regulations, and considered whether the proposed collection actions balanced the need for efficient tax collection with petitioner's concern that they be no more intrusive than necessary.  We conclude that the Appeals Office did not abuse its discretion by sustaining respondent's filing of the NFTL.

In reaching these holdings, we have considered all the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.