T.C. Memo. 2015-193

UNITED STATES TAX COURT

DALE MICHAEL SHENK AND DIANE MARY SHENK, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8838-13L.                          Filed September 28, 2015.

Dale M. Shenk and Diane M. Shenk, pro sese.

Christopher A. Pavilonis, for respondent.

MEMORANDUM OPINION

GOEKE, Judge: Petitioners petitioned this Court under section 6320[1]

and/or 6330 for review of respondent's determination to uphold the filing of a

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code as amended and in effect at all relevant times.

[*2] notice of Federal tax lien (NFTL) with respect to petitioners' unpaid Federal income tax.

Background

Petitioners resided in Florida at the time the petition was filed. Petitioners filed a Form 1040, U.S. Individual Income Tax Return, for tax year 2010 and reported a self-assessed income tax liability of $48,357. Petitioners did not pay the balance owed for 2010 and do not contest the tax liability.

Along with their 2011 Form 1040, petitioners submitted a Form 433-F, Collection Information Statement, which indicated petitioners' inability to pay the tax due for tax year 2010. Respondent failed to account for the Form 433-F because it was submitted with the 2011 Form 1040. Petitioners then submitted an updated Form 433-F at respondent's request.

On September 12, 2012, petitioners entered into a contract with Bank of America for a short sale of one of their real estate properties (property). The contract included a $30,000 incentive for petitioners to maintain the property.

On November 20, 2012, respondent filed an NFTL and mailed to petitioners a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 for the 2010 unpaid income tax.

**[\*3]** On November 27, 2012, petitioners submitted to respondent a Form 12153, Request for a Collection Due Process or Equivalent Hearing. The Form 12153 stated that they were unable to pay the balance owed and that the lien would impede the sale of the property. Petitioners neither sought a collection alternative nor challenged the underlying tax liability.

On January 9, 2013, petitioners executed a Form 14135, Application for Certificate of Discharge of Property from Federal Tax Lien (lien discharge), to enable the sale of the property, which was subject to the NFTL.

On February 15, petitioners short sold the property to Bank of America, which then delivered $27,000 of the sale proceeds to respondent. Upon receipt of the $27,000, respondent executed and recorded a lien discharge on the property sold, which otherwise remained in place.

An Appeals hearing was scheduled for February 27, 2013. Because of miscommunication, petitioners and respondent were unable to conduct an effective collection due process (CDP) hearing.

On March 19, 2013, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination). The notice of determination sustained the NFTL because petitioners had not provided information warranting withdrawal of the NFTL

**[*4]** under section 6323(j). Petitioners then petitioned this Court for review of respondent's determination.

Petitioners and respondent conducted a supplemental CDP hearing on February 28, 2014. As a result of that hearing, respondent placed petitioners' account into "currently not collectible" (CNC) status thereby determining not to attempt tax collection from petitioners unless and until their financial circumstances changed.

## Discussion

Section 6330(d)(1) grants this Court jurisdiction to review the Internal Revenue Service (IRS) Appeals Office's administrative determinations. If the taxpayer's underlying tax liability is properly in dispute, the Court will review the determination de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where the underlying tax liability is not at issue, as is the case here, we review the determination for abuse of discretion. Id. at 182; see also Sego v. Commissioner, 114 T.C. 604, 610 (2000). The Appeals Office abuses its discretion where it acts "arbitrarily, capriciously or without sound basis in fact or law." Woodral v. Commissioner, 112 T.C. 19, 23 (1999). "We do not substitute our judgment for that of the settlement officer, and we do not decide independently whether we believe the lien should be withdrawn." Hughes v. Commissioner, T.C. Memo.

**[\*5]** 2011-294, slip op. at 4. Additionally, this Court lacks jurisdiction to determine an overpayment for the tax year at issue or to order a refund of any amounts paid when reviewing a CDP determination. <u>Greene-Thapedi v. Commissioner</u>, 126 T.C. 1 (2006).

Petitioners argue the CNC status of their account should take retroactive effect and invalidate the NFTL filing, thereby entitling them to a refund of the $27,000 paid to respondent in satisfaction of the lien placed on the property. Because we lack jurisdiction to authorize a refund, our review is limited to whether the NFTL filing was proper.

Section 6201(a)(1) provides, in relevant part, that the Secretary is authorized and required to assess all taxes determined by a taxpayer or the Secretary on tax returns made in accordance with the Internal Revenue Code. When a taxpayer fails to pay any Federal income tax liability after demand, section 6321 imposes a lien in favor of the United States on all property of the delinquent taxpayer, and section 6323 authorizes the Service to file notice of that lien. Section 6320(a) provides that the Secretary shall notify the taxpayer of the filing of a notice of lien under section 6323 and inform the taxpayer of his right to request an administrative hearing with the Appeals Office. If the taxpayer is

**[\*6]** dissatisfied with the outcome, he can appeal that determination to this Court under section 6330(d), as petitioners have done.  See sec. 6320(c).

Petitioners argue they were "denied due process" because their account should have been placed in CNC status before the NFTL was filed.  CNC status temporarily delays collection, but the debt is not forgiven or extinguished.  The IRS may suspend collection actions, such as issuing a levy, while a taxpayer's liability is considered CNC.  See sec. 6330(e).  However, nothing in section 6320 or 6330 prohibits the filing of an NFTL, even while a taxpayer's account is considered to be in CNC status.  See Beery v. Commissioner, 122 T.C. 184, 190 (2004) (stating that Commissioner is authorized to "file a * * * [NFTL] before notifying the taxpayer of his or her right to request an administrative hearing with regard to the lien"); Kyereme v. Commissioner, T.C. Memo. 2012-174 (retaining an NFTL during CNC status was appropriate to balance the interests of the taxpayer and the Government).  Moreover, the IRS is permitted to engage in nonlevy collection actions including accepting voluntary payments of the tax. Boyd v. Commissioner, 451 F.3d 8, 13 (1st Cir. 2006) (stating that informal offset procedures are not generally subject to the procedural protections for levies), aff'g 124 T.C. 296 (2005); sec. 301.6320-1(g)(2), Q&A-G3, Proced. & Admin. Regs. Thus, the Federal tax lien filing would still be permitted even if this Court were

**[\*7]** able to place petitioners' account in CNC status retroactively. Petitioners'
voluntary sale of the property to Bank of America, which triggered the $27,000
payment to respondent, is considered a voluntary payment. Respondent did not
engage in any collection action beyond the filing of the NFTL.

Next we will determine whether the Appeals Office abused its discretion in
determining to sustain the NFTL. Petitioners timely requested a CDP hearing
under section 6320 in reference to the NFTL. The Appeals Office determined
petitioners did not qualify for withdrawal of the NFTL.

An administrative hearing with respect to a lien action is to be conducted by
the Appeals Office in accordance with the provisions of section 6330(c) if the
taxpayer so requests. Sec. 6320(b)(1), (c). Section 6330(c) requires the Appeals
Office to: (1) verify that the requirements of law and administrative procedure
have been met, (2) adequately review specific issues raised by the taxpayer, and
(3) balance the needs of the IRS to effectively collect the tax with the taxpayer's
expectation that the collection action be no more intrusive than necessary.

Petitioners do not challenge respondent's compliance with law and
administrative procedure. They do, however, challenge respondent's
determination that the "NFTL is necessary to protect the government's interest

**[\*8]** \* \* \*.  As a result, retaining the NFTL balances the need for efficient collection and that any collection action be no more intrusive than necessary."

In their Form 12153, petitioners raised the issue that "[a] lien will impede efforts to try and liquidate properties."  There are four circumstances in which the Secretary has the discretion to withdraw an NFTL under section 6323(j)(1): (1) the filing of the NFTL was premature or otherwise not in accordance with administrative procedure, (2) the taxpayer has entered into an installment agreement, (3) the withdrawal of the NFTL would facilitate the collection of the tax liability, or (4) with the consent of the taxpayer or the National Taxpayer Advocate, the withdrawal of the notice would be in the best interests of the taxpayer and the United States.

Petitioners have not provided any evidence demonstrating that the NFTL did in fact impede any efforts to liquidate the property or that any of the above circumstances are otherwise applicable.  Accordingly, we hold the Appeals Office did not abuse its discretion in failing to withdraw the NFTL because the NFTL filing was permitted and met all applicable requirements.

The Court has considered all other arguments made by the parties and, to the extent not specifically addressed herein, has concluded that they are irrelevant, moot, or without merit.

**[\*9]**   To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.