T.C. Memo. 2019-89

UNITED STATES TAX COURT

DEBORAH P. RICHARDS AND DANIEL D. RICHARDS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13030-17L.                    Filed July 17, 2019.

Deborah P. Richards and Daniel D. Richards, pro sese.

Shawna A. Early, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  In this collection due process (CDP) case, petitioners

seek review pursuant to sections 6320(c) and/or 6330(d)(1)[1] of the determination

_____

    [1] Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect at all relevant times, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

[*2] by the Internal Revenue Service (respondent) Appeals Office to sustain the filing of a notice of Federal tax lien (NFTL) with respect to petitioners' Federal income tax liabilities for tax years 2009, 2012, and 2015. The issue for decision is whether respondent's settlement officer (SO) abused her discretion by sustaining the filing of the NFTL.

## Background

The parties submitted this case fully stipulated under Rule 122. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in New Jersey when the petition was filed.

I.     Petitioners' Tax Liabilities and Respondent's Collection Efforts

Petitioners jointly filed Forms 1040, U.S. Individual Income Tax Return, for tax years 2009, 2012, and 2015 but failed to pay the amount due for each year. Respondent assessed the amount reported as due for each year and mailed a notice and demand for payment to petitioners within 60 days of each assessment as required under section 6303.

In January 2014 petitioners entered into an installment agreement to satisfy their outstanding income tax liabilities for tax years 2009 and 2012. Petitioners defaulted on the installment agreement in August 2016 after they stopped making the monthly payments required under the terms of the agreement. The following

[*3] month respondent placed their taxpayer accounts for the 2009 and 2012 tax years in "Currently Not Collectible" (CNC) status.

On February 9, 2017, respondent sent petitioners a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, informing them that respondent had filed an NFTL with respect to their outstanding tax liabilities for tax years 2009, 2012, and 2015. According to the NFTL, petitioners' outstanding tax liabilities for those years totaled $50,909. On February 24, 2017, respondent sent petitioners an LT11, Notice of Intent to Levy and Your Right to a Hearing Under IRC 6330 (notice of levy), informing them that he intended to levy on their property to satisfy their outstanding income tax liability for tax year 2015.

II.     CDP Hearing Proceedings

On March 1, 2017, respondent received from petitioners a timely Form 12153, Request for Collection Due Process or Equivalent Hearing (CDP hearing request), with respect to both the NFTL and the notice of levy. On the Form 12153 petitioners checked the "I Cannot Pay Balance" box as a collection alternative. Petitioners proposed placing their accounts[2] in CNC status on account

---

[2] Although it is unclear from petitioners' CDP hearing request, we believe petitioners were proposing to have their 2015 account placed in CNC status because their 2009 and 2012 accounts had already been placed in CNC status in 2016.

[*4] of economic hardship. Petitioners further requested withdrawal of the NFTL because it would not "help * * * [them] to pay * * * [their] taxes more quickly" and it could only "have a negative impact upon * * * [their] fragile credit standing". Petitioners' CDP hearing was assigned to SO Kimberly Piro.

On March 30, 2017, SO Piro sent petitioners a letter scheduling a CDP hearing for May 3, 2017, and informing them that on the basis of their financial information, their account was going to be placed in CNC status. This letter further stated that the NFTL would remain in place because their CNC status required it[3] and a negative impact on petitioners' credit standing did not warrant withdrawal of the NFTL.

On May 3, 2017, SO Piro held a telephone CDP hearing with petitioner Daniel Richards. During the CDP hearing Mr. Richards requested that the NFTL be withdrawn because it was "impacting * * * [his] credit and he * * * [might] not be able to get a car loan" in the future. SO Piro informed Mr. Richards that a negative impact on a credit standing did not warrant withdrawal of the NFTL.

---

[3] Internal Revenue Manual (IRM) pt. 5.12.2.6 (Oct. 14, 2013) states that an NFTL should be filed if a taxpayer has an aggregate unpaid and assessed balance of $10,000 or more and is in CNC status. SO Piro interpreted this provision as requiring the filing of an NFTL when a taxpayer's account has been placed in CNC status and has an assessed balance of $10,000 or more. Because petitioners do not dispute SO Piro's interpretation of the IRM, we deem this issue conceded.

[*5] When SO Piro asked Mr. Richards whether the NFTL was affecting his ability to earn income, Mr. Richards indicated that it was not because he received only Social Security income.

On the basis of petitioners' financial information, SO Piro placed petitioners' account in CNC status and informed Mr. Richards that the NFTL is "part of CNC status". SO Piro did not sustain the proposed levy action with respect to tax year 2015. However, after finding that the NFTL was not overly intrusive and that none of the conditions for withdrawal pursuant to section 6323(j) existed, SO Piro sustained the NFTL with respect to tax years 2009, 2012, and 2015.

On May 10, 2017, respondent issued to petitioners two notices of determination.[4] The first notice addresses SO Piro's determinations regarding the NFTL with respect to tax years 2009 and 2012. The second notice of determination relates to both the NFTL and notice of levy issued to petitioners with respect to tax year 2015. Petitioners timely filed a petition with the Court for review of the notices of determination.

---

[4] Although the NTFL was filed with respect to tax years 2009, 2012, and 2015, SO Piro considered tax year 2015 separately. For this reason SO Piro issued a separate notice of determination addressing both the NFTL and the notice of levy determinations with respect to tax year 2015.

[*6]                          Discussion

I.      Jurisdiction and Standard of Review

Section 6321 imposes a lien in favor of the United States on all property and rights to property of a taxpayer liable for taxes when a demand for payment of the taxes has been made and the taxpayer fails to pay those taxes. Section 6320(a) provides that the Secretary[5] shall furnish the taxpayer an NFTL within five business days after the notice of lien is filed. Section 6320 further provides that the taxpayer may request a CDP hearing within 30 days beginning on the day after the 5-day period described above. Sec. 6320(a)(3)(B), (b)(1). Section 6320(c) provides that the CDP hearing generally shall be conducted consistent with the procedures set forth in section 6330.

Section 6330(c)(2)(A) provides for review with respect to collection issues such as spousal defenses, the appropriateness of the Commissioner's proposed collection actions, and the possibility of collection alternatives. The taxpayer may also challenge the amount of the underlying tax liability if a statutory notice of deficiency was not received or the taxpayer did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B).

---

[5] The term "Secretary" means the Secretary of the Treasury or his delegate. Sec. 7701(a)(11)(B).

**[\*7]** Pursuant to section 6330(d)(1), within 30 days of the issuance of a notice of determination, the taxpayer may appeal the determination to this Court. Where the validity of the underlying tax liability is properly in issue, the Court will review the matter de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). However, where the validity of the underlying tax liability is not properly in issue, the Court will review the Commissioner's determination for abuse of discretion. Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 182.

Petitioners are not contesting the validity of their underlying tax liabilities for tax years 2009, 2012, and 2015. Accordingly, we review SO Piro's determination for abuse of discretion.

II.     Abuse of Discretion

The abuse of discretion standard requires the Court to decide whether SO Piro's rejection of petitioners' request to have the NFTL withdrawn was arbitrary, capricious, or without sound basis in fact or law. See Woodral v. Commissioner, 112 T.C. 19, 23 (1999); Keller v. Commissioner, T.C. Memo. 2006-166, aff'd in part, vacated in part, 568 F.3d 710 (9th Cir. 2009); Fowler v. Commissioner, T.C. Memo. 2004-163. We do not substitute our judgment for that of SO Piro, and we do not decide independently whether we believe that the NFTL should be

[*8] withdrawn.  See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).  Instead, we consider whether, in the course of making her determination, SO Piro (1) verified that the requirements of applicable law and administrative procedure have been met, (2) considered any relevant issue petitioners raised that relates to the filing of the NFTL, and (3) determined whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of petitioners that any collection action be no more intrusive than necessary.  See sec. 6330(c)(3).  Our review of the record confirms that SO Piro properly discharged all of these duties in making her determination.

A.    Verification That the Requirements of Applicable Law and Administrative Procedure Have Been Met

As an initial matter, this Court has authority to review satisfaction of the verification requirement regardless of whether the taxpayer raised that issue at the CDP hearing.  See Hoyle v. Commissioner, 131 T.C. 197, 200-203 (2008), supplemented by 136 T.C. 463 (2011).  Petitioners do not challenge respondent's compliance with the applicable law and administrative procedure.  In any event the administrative record establishes that SO Piro conducted a thorough review of the

**[*9]** transcripts of petitioners' accounts and verified that all requirements of applicable law and administrative procedure were met.

>B.     Consideration of Relevant Issues Raised by Petitioners

On their CDP hearing request and during the CDP hearing, petitioners argued that the NFTL should be withdrawn because it was affecting Mr. Richard's "fragile" credit standing and would prevent petitioners from getting a car loan. Our review of the record shows that SO Piro considered this issue and properly found that, under section 6323(j), none of the conditions that allow the withdrawal of the NFTL applied.

Section 6323(j)(1) provides that an NFTL may be withdrawn under the following conditions:  (1) the filing of the NFTL was premature or not in accordance with administrative procedures; (2) the taxpayer has entered into an agreement to satisfy the tax liability underlying the lien through installment payments, unless the agreement provides otherwise; (3) withdrawal of the NFTL will facilitate collection; or (4) with the consent of the taxpayer or the National Taxpayer Advocate, the lien's withdrawal would be in the best interests of the taxpayer and the United States.  If the Commissioner determines conditions for withdrawal are present, the Commissioner may, but is not required to, authorize the withdrawal.  Sec. 301.6323(j)-1(c), Proced. & Admin. Regs.

**[*10]** Because NFTL withdrawal is a collection alternative, see sec. 301.6320-1(e)(3), Q&A-E6, Proced. & Admin Regs., petitioners were required to provide SO Piro with relevant information for her to consider in determining whether the NFTL should be withdrawn, see Roudakov v. Commissioner, T.C. Memo. 2017-121, at *11-*12. Petitioners have not presented any credible evidence that any of the above circumstances are applicable.

Although petitioners asserted that the NFTL was negatively affecting their credit rating and ability to obtain a car loan, their bare assertion is insufficient to establish that lien withdrawal would facilitate collection or would be in the United States' best interests. See Klika v. Commissioner, T.C. Memo. 2012-225, at *11. This Court has consistently held that it is not an abuse of discretion to sustain an NFTL where the taxpayer has failed to provide evidence showing how the lien adversely affected his or her credit rating. See Bergdale v. Commissioner, T.C. Memo. 2014-152, at *18 (finding no abuse of discretion where taxpayer contended NFTL damaged his personal credit report but failed to offer credible evidence beyond his bare allegations or advance any argument pursuant to section 6323(j)); see also Hughes v. Commissioner, T.C. Memo. 2011-294, slip op. at 7 ("Every NFTL filed by the Commissioner damages the taxpayer's credit. By itself, that fact does not show that the NFTL impairs the taxpayer's ability to satisfy the tax

[*11] liability."). Accordingly, SO Piro did not abuse her discretion in finding that none of the section 6323(j) conditions were present.

     C.    <u>Balancing the Need for Efficient Collection of Taxes With Concerns of Petitioners That Collection Be No More Intrusive Than Necessary</u>

On their petition and seriatim opening brief, petitioners contend that SO Piro failed to conduct a proper balancing analysis because she did not consider the totality of circumstances surrounding the negative impact that the NFTL would have on their credit standing and financial conditions. In support of their contentions, petitioners rely on <u>Budish v. Commissioner</u>, T.C. Memo. 2014-239.

In <u>Budish</u> we addressed the propriety of an Appeals officer's (AO) insistence on the filing of an NFTL as a condition of entering into an installment agreement with a taxpayer. During the CDP hearing in that case, the taxpayer presented evidence that the NFTL would adversely affect his ability to earn income. <u>Id.</u> at *6-*8. The AO did not consider that taxpayer's evidence because she erroneously believed that the IRM mandated the filing of an NFTL in the circumstances of the case. <u>Id.</u> at *21. Reviewing the Commissioner's determination to sustain the NFTL, we held that the AO's interpretation of the IRM was erroneous. <u>Id.</u> at *20. We also held that the AO failed to perform a proper balancing analysis under section 6330(c)(3) because she did not consider

[*12] whether the NFTL would hamper rather than facilitate collection. Id. at *20-*24. We accordingly remanded the case to Appeals to conduct a supplemental CDP hearing to perform the required balancing analysis. Id. at *28.

We find Budish to be distinguishable from the present case. Unlike the taxpayer in Budish, petitioners do not contend that SO Piro misinterpreted the IRM in making her determination. Nor did petitioners present any concrete evidence during the CDP hearing to demonstrate how the NFTL would negatively affect their financial circumstances and credit standing. Petitioners contend that SO Piro's balancing analysis consisted of only "superficial boilerplate language" and that she failed to consider the negative impact that the NFTL would have on petitioners' credit standing and financial circumstances. However, unlike the AO in Budish, SO Piro actually considered Mr. Richards' argument about petitioners' credit standing and pursued a followup inquiry. Specifically, SO Piro asked whether the NFTL would affect petitioners' ability to earn income. After learning from Mr. Richards that their only income source was Social Security, SO Piro determined that the NFTL was not overly intrusive and was necessary to protect the Government's interest. This determination was well within her discretion. See Durda v. Commissioner, T.C. Memo. 2017-89 (sustaining an NFTL where the taxpayer was living on Social Security and his account had been placed in CNC

**[\*13]** status because the SO reasonably concluded that the collection action was necessary to protect the Government's interest); see also Kyereme v. Commissioner, T.C. Memo. 2012-174 (sustaining an NFTL filed against a taxpayer whose account was in CNC status as appropriate to balance the interests of the Government and the taxpayer).

On the basis of the administrative record, it is apparent that SO Piro duly considered the totality of petitioners' circumstances and properly performed a balancing analysis. Consequently, we cannot say that SO Piro committed an abuse of discretion in this regard. Finding no abuse of discretion in any respect, we will sustain the filing of the NFTL.

In reaching our holding, we have considered all the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered for respondent.