# United States Tax Court

T.C. Memo. 2024-96

THERON JAY MOORE,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 13198-20L.                         Filed October 17, 2024.

————

Theron Jay Moore, pro se.

*Chi-Yun Lee*, *Patsy A. Clarke*, *Brooks W. Lindberg*, and *Robin D. Orth*, for respondent.

## MEMORANDUM OPINION

URDA, *Judge*: In this collection due process (CDP) case petitioner, Theron Jay Moore, seeks review pursuant to sections 6320[1] and 6330 of a determination by the Internal Revenue Service (IRS) Independent Office of Appeals (Appeals Office) upholding the filing of a notice of federal tax lien (NFTL) with respect to his and his wife's unpaid federal income tax liabilities for their 2011, 2012, 2014, 2015, and 2017 tax years. The Commissioner has moved for summary judgment, contending that there are no disputed issues of material fact and that the determination to sustain the NFTL filing was proper as a matter of law. We agree and will grant the Commissioner's motion for summary judgment.

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary values to the nearest dollar.

[*2]                                    *Background*

This case was calendared for trial at the Court's February 15, 2024, Spokane, Washington, trial session. We later struck the case from the trial session to consider the Commissioner's motion for summary judgment.

The following facts are derived from the petition, the exhibits attached to the declaration supporting summary judgment, the administrative record of the CDP hearing, and the other filings in this case. Mr. Moore lived in the state of Washington when he timely petitioned this Court.

I.      *The Moores' Tax Liabilities and IRS Collection Activity*

Mr. and Mrs. Moore filed federal income tax returns for their 2011, 2012, 2014, and 2015 tax years, reporting taxable income of $57,175, $30,769, $74,854, and $49,451, respectively. The Moores, however, failed to fully pay the tax shown on these returns. The IRS accordingly assessed the reported tax liabilities and statutory interest, as well as additions to tax for failure to pay tax, *see* I.R.C. § 6651(a)(2) and failure to pay estimated tax, *see* I.R.C. § 6654.

The Moores entered into an installment agreement with the IRS for their 2011, 2012, 2014, and 2015 tax years and made multiple payments towards their outstanding liabilities. On March 6, 2017, the Commissioner terminated the installment agreement, only to reinstate it by the end of the month.

The same pattern recurred in 2017, with the Moores' filing a tax return (reporting taxable income of $72,484) but failing to fully pay their reported liability. Again, the IRS assessed the reported liability, as well as statutory interest and additions to tax for failure to pay tax, *see* I.R.C. § 6651(a)(2), and failure to pay estimated tax, *see* I.R.C. § 6654. This tax year was added to the existing installment agreement in December 2018.

The IRS nonetheless advised Mr. Moore in a telephone call later that month that the Moores risked termination of the installment agreement for noncompliance with their payment obligations, which included payments for estimated tax. The IRS terminated the installment agreement on February 25, 2019.

**[*3]**    The Moores sought to resuscitate the installment agreement in April 2019, proposing a payment of $500 per month towards their outstanding balance.  The IRS rejected this proposal as insufficient based on a financial analysis showing that the Moores could pay $3,051 per month.

II.    *CDP Hearing*

As of August 22, 2019, the Moores' outstanding tax liabilities for these years totaled $50,103.  To collect this amount, the IRS filed an NFTL and sent the Moores a notice of that filing.  The Moores timely requested a CDP hearing in October 2019 expressing interest in both an installment agreement and lien withdrawal.  In a narrative attached to their request, the Moores asserted that the NFTL filing notice was "the first correspondence that has been given" and that "if th[e] lien is filed it will most certainly destroy any chance of re-financing [their] home and any hope of pulling money out to pay off debt."  The Moores also noted that Mr. Moore fished commercially and that they needed time "to get a foothold" and to "establish a payment arrangement."

The case was assigned to an Appeals Office settlement officer, who sent a letter scheduling a telephone CDP hearing for July 9, 2020. In her scheduling letter, the settlement officer directed the Moores to provide, inter alia, (1) a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, (2) proof that they had made their estimated tax payments in full for the year to date, (3) their bank statements for the prior three months, and (4) a written payment proposal.

The Moores neither responded to this letter nor participated in the July 9, 2020, CDP hearing.  Having heard nothing from the Moores, the settlement officer issued a letter advising them to provide within 14 days any information that they wanted the Appeals Office to consider. The Moores did not respond by the due date of July 23, 2020.

With no additional information provided, the Appeals Office issued a notice of determination sustaining the NFTL on October 8, 2020.  The notice of determination explained that the Moores had failed to provide a Form 433-A or a payment proposal as necessary for the Appeals Office to consider a collection alternative (such as an installment agreement).  It further stated that the Moores had not "provided any reason to indicate that the withdrawal of the NFTL would facilitate collection of the liability, or that any other criteria in IRC

**[\*4]** [section] 6323(j) have been met." The notice of determination therefore concluded that the filing of the "NFTL balances the need for the efficient collection of taxes with [the] concern that any collection action be no more intrusive than necessary."[2]

*Discussion*

I.      *General Principles*

A.      *Scope of Review*

"[S]ummary judgment serves as a mechanism for deciding, as a matter of law, whether [an] agency action is supported by the administrative record and is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Belair v. Commissioner*, 157 T.C. 10, 17 (2021) (quoting *Van Bemmelen v. Commissioner*, 155 T.C. 64, 79 (2020)). Our decision in this case is most likely appealable to the U.S. Court of Appeals for the Ninth Circuit, *see* I.R.C. § 7482(b)(1)(G)(i), (2), which has held that, absent a proper challenge to the underlying liability, the scope of review in a CDP case is confined to the administrative record, *see Keller v. Commissioner*, 568 F.3d 710, 718 (9th Cir. 2009), *aff'g in part* T.C. Memo. 2006-166, *and aff'g in part, vacating in part* decisions in related cases; *Starcher v. Commissioner*, T.C. Memo. 2021-144, at \*7. We conclude that the settlement officer's sustaining the NFTL is supported by the administrative record and was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. Accordingly, this case is ripe for summary adjudication.

B.      *Standard of Review*

We have jurisdiction to review the Appeals Office's determination pursuant to sections 6320(c) and 6330(d)(1). Where, as here, the validity of the underlying tax liability is not at issue, we review the determination for abuse of discretion. *Sego v. Commissioner*, 114 T.C. 604, 610 (2000); *Goza v. Commissioner*, 114 T.C. 176, 182 (2000). Abuse of discretion exists where a determination is arbitrary, capricious, or without sound basis in fact or law. *See, e.g., Murphy v. Commissioner*,

---

[2] Although the notice of determination and the proceedings in the Appeals Office related to the Moores' joint tax liabilities, Mrs. Moore did not petition this Court for review (with Mr. Moore or independently).

**[\*5]** 125 T.C. 301, 320 (2005), *aff'd*, 469 F.3d 27 (1st Cir. 2006); *Taylor v. Commissioner*, T.C. Memo. 2009-27, 2009 WL 275721, at \*9.

## II.    *Abuse of Discretion*

In determining whether the Appeals Office abused its discretion, we consider whether the settlement officer (1) properly verified that the requirements of applicable law or administrative procedure have been met, (2) considered any relevant issues the Moores raised, and (3) weighed "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of [the Moores] that any collection action be no more intrusive than necessary." I.R.C. § 6330(c)(3).    Our review of the record establishes that the settlement officer satisfied all the requirements.

### A.    *Verification*

We have authority to review satisfaction of the verification requirement regardless of whether the taxpayer raised that issue at the CDP hearing.  *See Hoyle v. Commissioner*, 131 T.C. 197, 200–03 (2008), *supplemented by* 136 T.C. 463 (2011).  Mr. Moore has not challenged the satisfaction of the verification requirement, and we conclude from the record that the settlement officer conducted a thorough review of Mr. and Mrs. Moore's account transcripts and verified that all applicable requirements were met.  *See* Rule 331(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded."); Rule 121(d).

### B.    *Issues Raised*

In their CDP hearing request, the Moores checked the boxes for installment agreement and lien withdrawal.  As to the former, the Moores never proposed a specific collection alternative and never submitted the required forms or financial information.  A settlement officer does not abuse her discretion by declining to consider collection alternatives where the taxpayer has not proposed any.  *See McLaine v. Commissioner*, 138 T.C. 228, 243 (2012); *Nimmo v. Commissioner*, T.C. Memo. 2020-72, at \*8.  And a settlement officer does not abuse her discretion in rejecting collection alternatives where a taxpayer does not provide requested financial information.  *See Giamelli v. Commissioner*, 129 T.C. 107, 115–16 (2007); *Tucker v. Commissioner*, T.C. Memo. 2014-103, at \*27; *Huntress v. Commissioner*, T.C. Memo. 2009-161, 2009 WL 1883984, at \*5; *Prater v. Commissioner*, T.C. Memo. 2007-241, 2007 WL 2389549, at \*1–2 (finding no abuse of discretion where settlement officer

**[\*6]** rejected installment agreement because taxpayer did not provide requested Form 433-A).

As to lien withdrawal, section 6323(j) permits such discretionary relief in a few enumerated circumstances, only one of which is conceivably relevant here, i.e., withdrawal of the lien will facilitate the collection of the tax liability. "To qualify on this ground the taxpayer must supply the settlement officer with evidence that the existence of the NFTL adversely affects his ability to pay the tax liabilities." *Kelly v. Commissioner*, T.C. Memo. 2022-73, at \*9 (citing *Hughes v. Commissioner*, T.C. Memo. 2011-294, 2011 WL 6440298, at \*3). The Moores' unsupported statement that the NFTL filing might hurt their prospects to refinance their house, standing alone, does not satisfy their burden.

Mr. Moore asserts, however, that he did not receive the relevant communications from the Appeals Office and suggests that the settlement officer acted too quickly in closing the CDP proceedings. The record firmly refutes Mr. Moore's contentions. The IRS used one address for all written communications with the Moores, the same address Mr. Moore put on his petition to this Court. The Moores timely filed a CDP hearing request, which suggests that they received the notice of NFTL filing. And the record contains no indication that any mail sent from the Appeals Office was returned as undeliverable. In fact, Mr. Moore's own petition casts doubt on his claim, explicitly stating that "when the notice of appeals letter was delivered [he] was out of town and [his] wife didn't understand the notice or what it involved."

Nor do we see any abuse of discretion in the settlement officer's handling of this case. The settlement officer first contacted the Moores on June 1, 2020, and gave them more than a month to gather information for their CDP hearing. When the Moores did not appear at the scheduled hearing, she sent a letter inviting them to provide information within 14 days for consideration. When that invitation went unclaimed, she then waited until October 2020 to issue the notice of determination, giving the Moores almost three additional months to contact her or supply information for her consideration. "When [a settlement officer] gives a taxpayer an adequate period of time in which to respond, it is not an abuse of discretion for [her] to move ahead after encountering radio silence from the taxpayer." *Scholz v. Commissioner*, T.C. Memo. 2015-2, at \*8; *see also Hill v. Commissioner*, T.C. Memo. 2023-58, at \*7 (first citing *Pough v. Commissioner*, 135 T.C. 344, 351 (2010); and then citing *Hartmann v. Commissioner*, T.C. Memo.

**[\*7]** 2018-154, at \*10, *aff'd*, 785 F. App'x 906 (3d Cir. 2019)); *Vollers v. Commissioner*, T.C. Memo. 2023-52, at \*6.  So too here.

C.    *Balancing*

Mr. Moore did not challenge the settlement officer's consideration of "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary."  *See* I.R.C. § 6330(c)(3)(C).  Thus, we conclude that he has conceded this issue.  *See* Rules 331(b)(4), 121(d).  In any event, the settlement officer expressly concluded in the notice of determination that sustaining the NFTL filing balanced the need for efficient tax collection with the Moores' legitimate concerns about intrusiveness given the absence of a collection alternative or some statutory basis to withdraw the NFTL.  We find no basis for disturbing the settlement officer's conclusion regarding this requirement.

III.    *Conclusion*

Finding no abuse of discretion in the settlement officer's decisions, we will grant summary judgment for the Commissioner and affirm the settlement officer's determination to sustain the NFTL for Mr. and Mrs. Moore's 2011, 2012, 2014, 2015, and 2017 taxable years.[3]

To reflect the foregoing,

*An appropriate order and decision will be entered.*

---

[3] We note that the Moores are free to submit to the IRS at any time for its consideration and possible acceptance, a collection alternative in the form of an offer-in-compromise, an installment agreement, or currently not collectible status, supported by the necessary financial information.